IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GUY BAKER,

        Plaintiff,                  No. CIV S-07-2204 FCD EFB P

    vs.

HATCH,

        Defendant.                ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the court are plaintiff's motions to compel discovery responses, for a court-ordered examination, and for sanctions. *See* Dckt. Nos. 26, 38, 39. For the following reasons, plaintiff's motion to compel is partially granted and partially denied, and his other two motions are denied.

**I.    Motion to Compel Discovery Responses**

       On February 2, 2009, plaintiff filed a document styled "Notice of Motions, Motion in Request for the Production of Documents (Second Request), Rule 34, and Motion for Protective Orders Under Rule 26(c)." In this document, plaintiff asks the court to compel responses to his requests for production numbers 4, 7, and 8.

////

1  Parties may obtain discovery regarding any matter, not privileged, that is relevant to the
2  claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  Information is relevant for purposes of
3  discovery if "it is reasonably calculated to lead to the discovery of admissible evidence."  *Id.*
4  Relevant information encompasses "any matter that bears on, or that reasonably could lead to
5  other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc.*
6  *v. Sanders*, 437 U.S. 340, 351 (1978).  Because discovery is designed to define and clarify the
7  issues in the case, it is not limited to the precise issues raised in the pleadings.  *Id.*, at 350-51.
8  "The question of relevancy should be construed "liberally and with common sense" and
9  discovery should be allowed unless the information sought has no conceivable bearing on the
10  case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995), quoting *Miller v. Panuci*,
11  141 F.R.D. 292, 296 (C.D. Cal. 1992). The court may limit discovery if it determines the
12  discovery sought is unreasonably cumulative or obtainable from a more convenient or less
13  expensive source, the party seeking discovery had ample opportunity to obtain the information
14  sought, or the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R.
15  Civ. P. 26(b)(2).

16  **A.  RFP 4**

17  Request for production number 4 asks for "[a]ll documents that evidence, mention, or
18  refer to officer Hatch's conduct or disciplinary history at C.S.P. Sac or any other
19  facility/institution." Dckt. No. 41 at 2.  Defendants objected to this request "on the grounds that
20  it [is] vague, overbroad, is not relevant or reasonably calculated to lead to the discovery of
21  admissible evidence" and that "the documents requested are privileged under state law and its
22  disclosure would violate defendant's right to privacy."

23  First, the request is neither vague nor "not reasonably calculated to lead to the discovery
24  of admissible evidence."  The personnel records of police officers defending civil rights actions
25  for the excessive use of force, while containing sensitive information, are within the scope of
26  discovery.  *See Soto v. City of Concord*, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995); *Hampton v.*

2

*City of San Diego*, 147 F.R.D. 227, 230-31 (S.D. Cal.1993); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal.1992). Information such as records of training, conduct, performance, and evaluation may be relevant to credibility, knowledge, motive, preparation, opportunity, identity or absence of mistake or accident. *Soto*, 162 F.R.D. at 615; *Miller*, 141 F.R.D. at 296 fn. 3. The personnel records of the defendant in this action are relevant under Rule 26(b) for the same reasons.

Defendant objects that the document request is also overbroad, but does not suggest how the request should be narrowed. The court narrows the request to complaints and disciplinary reports regarding defendant in the last ten years.

Defendant claims that the documents disclosure would violate his privacy, but fails to identify with any specificity the privacy interests at stake or articulate how they outweigh the need for disclosure.

Defendant also objects that the information that plaintiff seeks is privileged under state law. In his opposition, defendant claims that the information is also privileged under the United States Constitution. Yet, defendants have failed to prepare and submit a privilege log.[1] A party objecting to production or inspection of part of a document must explain that objection and permit inspection or production of the remainder. Fed. R. Civ. P. 34(b)(2)(C). A party objecting based on a claim of privilege must make the objection and explain it "as to each record sought to allow the court to rule with specificity." *Clarke v. American Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992) (noting that "blanket assertions of [a] privilege are extremely disfavored). Defendant's response has not enabled the court to determine whether the documents are privileged. Accordingly, defendant must either produce all responsive documents or prepare a privilege log complying with federal law and submit the allegedly privileged documents to the

---

[1] Defendant is admonished that Rule 26(b)(5) requires the production of a privilege log any time information is withheld on the ground that the information is privileged, and that failure to timely produce a privilege log may result in a waiver of the privilege at issue. *Burlington N. & Santa Fe Rwy. Co.*, 408 F.3d 1142 (9th Cir. 2005).

3

court for *in camera* review.

Defendant is encouraged to produce documents rather than burdening the parties and the court with objections not well grounded in federal law. However, should defendant decide to pursue his privilege and privacy objections, he is cautioned to explain his objections in detail. Boilerplate language will be strongly disfavored.

**B.     RFP 7**

Request for production number 7 asked for "[a]ll other items, documents that contain, mention, construe or refer to any items of evidence, or sworn, unsworn statements or affidavits that relate to the allegations made in plaintiff's Complaint." Defendant objected to this request on the basis that "it is vague, ambiguous and overbroad" but also stated "no information has been provided to me by others."

Although plaintiff's request could have been more artfully phrased, its intent is neither vague, ambiguous, nor overbroad. Plaintiff plainly seeks any evidence in defendant's possession, custody or control tending to support or disprove the allegations in his complaint. Defendant's objections are overruled.

In addition, defendant's statement that "no information has been provided to me by others" is an insufficient response. Defendant is required to produce any documents in their possession, custody or control. *See* Fed. R. Civ. P. 34(a)(1). It is unclear whether defendant's counsel has determined that there are no documents in defendant's possession, custody or control, as he attests only that no one has given him any information. Defendant must therefore either produce documents responsive to plaintiff's request or certify in a declaration stating that no such documents exist.

**C.     RFP 8**

Request for production number 8 asked for "[t]he 'Complete' prison records of plaintiff." Defendant objected to this request on the basis that it was "vague, ambiguous and overbroad," but stated that the documents were available in plaintiff's central file, which was available for

4

inspection and copying.

Plaintiff seeks records contained in his central file. As defendant states that it has made the documents available to plaintiff, the motion to compel is denied as to this request. The court will hold the defendant to its representation that the file is so available.

**II.     Motion for a Court-Ordered Examination**

Plaintiff has filed a motion, purportedly under Fed. R. Evid. 35(a), requesting that the court order a doctor to conduct an examination of his person, as his "physical condition is in controversy." Dckt. No. 38.

Rule 35(a) provides that a court may "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." But Rule 35 does not give the court authority to appoint an expert to examine a party on his own motion. *Brown v. United States*, 74 Fed. App'x 611, 614 (7th Cir. August 11, 2003); *Adams v. Epps*, 2008 WL 4861926 at *1 (S.D. Miss. 2008) ("Rule 35 'does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself.'"). *See also Cabrera v. Williams*, 2007 WL 2682163 at *2 (D. Neb. Sept 7, 2007) (denying prisoner's request for medical examination under Rule 35); *Lindell v. Daley*, 2003 WL 23111624 at *1-2 (W.D. Wis. June 30, 2002) (Rule 35 allows the court to "order plaintiff to submit to an examination at the request of the opposing party . . . . The rule is not intended to cover a situation such as the one here, where plaintiff wishes an examination of himself.").

Thus, the rule provides no authority for the court to order a physical examination of plaintiff. Plaintiff's motion for an examination is therefore denied.

**III.    Motion For Sanctions**

Plaintiff has filed a motion for sanctions. *See* Dckt. No. 39. He argues that defendants violated the court's February 2, 2010 order, which directed the defendants to file an opposition to his February 5, 2009 motion within 21 days. Defendants filed a motion for an extension of time to file their opposition on the last day of the period. Dckt. No. 35. The court granted the

5

extension of time, and defendants then timely filed their opposition. Dckt. No. 36, 41. Defendants complied with the court order. There is no grounds for sanctions. Plaintiff's motion is denied.

**IV.  Conclusion**

    Accordingly, it is ORDERED that:

    1. Plaintiff's February 5, 2009 motion to compel discovery is partially granted and partially denied;

    2. Defendant shall either produce documents responsive to plaintiff's RFP 4 or submit a declaration stating that the documents sought do not exist, and shall either produce documents responsive to RFP 7 or produce a privilege log and submit the allegedly privileged documents to the court for *in camera* review within 20 days of the date of this order. Any privilege log produced by defendant shall comply with Rule 26(b)(5);

    3. Plaintiff's February 26, 2010 motion for order for examination is denied; and

    4. Plaintiff's February 26, 2010 motion for sanctions is denied.

Dated: August 12, 2010.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE