IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GUY BAKER,

      Plaintiff,                     No. CIV S-07-2204 FCD EFB P

    vs.

HATCH,

      Defendant.            <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On August 12, 2010, the court ordered defendant to supplement their discovery responses, and either produce documents responsive to some of plaintiff's requests for production of documents or prepare a privilege log and submit the allegedly privileged documents for in camera review.

      Defendant responded to the court order on September 1, 2010. With respect to plaintiff's request for production number four, requesting complaints and disciplinary reports regarding defendant in the last ten years, defendant produced five sets of documents relating to other inmates' internal appeals and one set of documents relating to plaintiff's internal appeal for in camera review.

////

1 Defendant prepared a privilege log claiming that each set of documents is privileged
2 under "official information privilege; privacy; safety & security," and has submitted a
3 declaration from the litigation coordinator at California State Prison, Sacramento. Dckt. No. 46-
4 1, 2. In his supplemental discovery responses, defendant also claims that these documents are
5 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Dckt.
6 No. 46-1. Defendant also submitted a brief asking for a protective order. Dckt. No. 46.
7 Specifically, defendant asks that in the event that the court orders disclosure of the documents, it
8 permit the redaction of inmate and non-defendant staff names and identifying information; set a
9 time and location for plaintiff to view the documents; order a delay in the release of the
10 documents, so that counsel can notify the inmates named in the documents and allow time for
11 their objections; and forbid plaintiff from copying the documents or retaining them after the
12 litigation has concluded.

13 Finally, defendant has submitted objections and a declaration from a non-defendant,
14 correctional officer A. Karelas, stating that plaintiff previously filed an inmate complaint against
15 Karelas and defendant, and asking that documents containing information about him not be
16 released.[1] Dckt. No. 50. Karelas states that information regarding him has no relevance to this
17 case, and that releasing the information "may pose a threat to me and jeopardize my personal
18 safety." Although Karelas is not specified as a defendant in this case, the complaint suggests
19 that he acted in concert with the named defendants. Karelas is identified by name in plaintiff's
20 complaint as defendant Hatch's partner who helped "practically lift [plaintiff] up" while
21 escorting him. Dckt. No. 1 at 2, 5. Assuming that Karelas is not an intended party to this case
22 but is only a potential witness, his declaration does not explain why releasing the documents
23 might jeopardize his personal safety, given plaintiff is already aware of his identity.
24 ////

---

[1] Plaintiff has not responded to these filings.

2

The court has performed an in camera review of the documents listed on defendant's privilege log, weighed the potential benefits of disclosure against the potential disadvantages and orders that defendants produce the sets of documents identified on their privilege log as 1a-c, 2, and 6a-b.[2]

Defendants object to the disclosure of the requested documents on the bases of the official information privilege, privacy, and safety and security. As noted in the court's August 12, 2010 order, the personnel records of police officers defending civil rights actions for the excessive use of force, while containing sensitive information, are within the scope of discovery. *See Soto v. City of Concord*, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995); *Hampton v. City of San Diego*, 147 F.R.D. 227, 230-31 (S.D. Cal.1993); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal.1992). Information contained in the file may be relevant to credibility, knowledge, motive, preparation, opportunity, identity or absence of mistake or accident. *Soto*, 162 F.R.D. at 615; *Miller*, 141 F.R.D. at 296 n.3.

To determine whether personnel files sought are protected, courts must weigh potential benefits of disclosure against disadvantages. Federal common law recognizes a qualified privilege for official information. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). Personnel files of government employees are considered official information. *Id.* To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. *Id.* at 1033-34. That is, the privilege should ensure disclosure of discoverable information without compromising the state's interest in protecting the privacy of law enforcement officials and in ensuring the efficacy of its law enforcement system. *Kelly v. City of San Jose*, 114 F.R.D. 653, 662-63 (N.D. Cal. 1987). "In the

---

[2] Defendants argue that some of the documents they submitted for in camera review were not responsive to the discovery request at issue, since they are inquiry/ investigative findings and a letter of instruction, and not complaints or disciplinary reports. Both the inquiry/ investigative findings and the letter of instruction fall within the category of disciplinary reports, and the documents may not be withheld on this basis.

context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting *Kelly*, 114 F.R.D. at 661). Because "privileges operate in derogation of the truth finding process the law places the burden of proving all elements essential to invoking any privilege on the party seeking its benefits." *Kelly*, 114 F.R.D. at 662; Fed. R. Civ. P. 26(b)(5). If documents should be disclosed, privacy interests may be sufficiently protected with the use of a carefully drafted protective order. *See Kelly*, 114 F.R.D. at 662.

Document set 2 relates to the prison's investigation of the incident that is the subject of plaintiff's complaint in this case. Document set 2 is obviously reasonably calculated to lead to the discovery of admissible evidence, as it constitutes evidence regarding the facts of the incident. Document sets 1a-c and 6a-b detail inmates' complaints against defendant Hatch for the use of excessive force against them. This is exactly plaintiff's claim against defendant Hatch in this case. The documents are reasonably calculated to lead to admissible evidence, as information in the documents may lead to evidence as to defendant's motive, intent, plan, or absence of mistake or accident regarding the facts alleged in this case, as well as evidence that may be used to challenge defendant's credibility.

Defendant has submitted a declaration attesting to the harm that the disclosure of the documents would cause. L. Young, the litigation coordinator at CSP-Sacramento, declares that the following harm might result from the release of the documents to plaintiff: witnesses could become more unwilling to cooperate with investigators; witnesses could be retaliated against by other inmates based on their statements; inmates have been known to extort other inmates on the basis of their personal information; and inmates might also extort, threaten or coerce correctional officers if they had access to their personnel files.

L. Young does not explain how these theoretical possibilities might apply to the specific documents at issue here. Although it is possible that witnesses may be less likely to cooperate with investigating authorities if some witnesses' complaints are later released in the context of

litigation, this possibility of harm is extremely speculative when applied to this case. Defendant has not argued that the specific documents at issue here contain inmate statements or officer information that are likely to invite retaliation, extortion, or coercion. The privacy rights of the inmates and correctional officers named in these documents can be adequately protected by a protective order, as discussed below.

Applying the balancing test, the court finds that document sets 1a-c, 2, and 6a-b should be released to plaintiff. The documents may lead to the discovery of admissible evidence, and defendants have not identified any non-speculative harms that will occur as a result of their release.

The other sets of documents concern inmate complaints against correctional officers. Defendant Hatch is named in these complaints, but he is not clearly accused of using excessive force against an inmate. After reviewing these documents and applying the balancing test, the court finds that these documents need not be produced to plaintiff. Although it is possible that these documents might lead to the discovery of admissible evidence, the claims at issue in these complaints are different from the claims in this action and the documents are therefore less probative in this lawsuit.

Defendant requests a protective order. *See* Fed. R. Civ. P. 26(c)(1). Defendant requests that any personal information of other inmates or CDCR employees be redacted; the material not be disclosed outside of this litigation; plaintiff shall not make copies of the information; plaintiff be allowed to review the documents at a reasonable time and setting; or, plaintiff return the material to defense counsel after it is no longer needed for litigation. In order to alleviate the potential privacy and security concerns defendant raises, the court enters a protective order as specifically described below. However, defendant's request to redact identifying information is denied, as such redaction might hinder plaintiff's ability to obtain admissible evidence.

////

////

Defendant also requests that the court order a delay in the release of the documents so as to allow time for inmates to file objections. As this case was filed in 2007, and plaintiff has been seeking these documents since 2009, the court will not delay the case further.

Accordingly, it is ORDERED that:

1. Within 14 days of the date of this order, defendant shall either produce document sets 1a-c, 2, and 6a-b to plaintiff, or arrange for plaintiff to review the documents at a reasonable place and for a period of time not less than three hours. Plaintiff shall be allowed to take notes during the review.

2. Plaintiff shall not make copies of the documents. Plaintiff shall not disclose any information from the documents to anyone except for purposes of this litigation.

3. Within 30 days of the date of this order, defendant may re-notice his motion for summary judgment or file an amended motion for summary judgment. Plaintiff may re-file his previous opposition or file an amended opposition within 21 days after that. Defendant may file his reply within 14 days after that.

Dated: June 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE