IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GUY BAKER,

        Plaintiff,                        No. CIV S-07-2204 GEB EFB P

    vs.

HATCH,

        Defendant.                    <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's October 17, 2007 complaint. *See* Dckt. No. 1.

        Defendant's July 29, 2011 Motion to Seal and for a Protective Order is pending before the court.[1] Dckt. No. 63. Defendant moves to seal pages 5-8 of plaintiff's opposition to his summary judgment motion, arguing plaintiff should be prohibited from disclosing the contents of certain personnel files that were produced to him through discovery in a public forum. *Id.* at 1-2. The court previously found that the discovery should be produced to plaintiff, but issued a protective order disallowing plaintiff from making copies of the discovery and limiting plaintiff's use of the information to purposes of this litigation. *See* Dckt. No. 52 at 5-6. Plaintiff

---

[1] Local Rule 141(a) provides that "[d]ocuments may be sealed by written order of the court, upon a showing required by applicable law."

has now included sensitive information in support of his opposition, effectively disclosing information contained in the personnel files.  *See* Pl.'s Opp'n, Dckt. No. 59 at 5-8.  While plaintiff was not permitted to copy the actual documents pursuant to the June 3, 2011 protective order, defendant contends the cited portions of plaintiff's opposition "effectively reproduce contents of the actual documents and should therefore be sealed to protect the privacy interests of the correctional officers and other inmates named in them."  Dckt. No. 63 at 2.

The public has a general right of access to judicial records and documents, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978), and a court will not grant a motion to seal documents attached to pleadings or dispositive motions unless the proponent makes a particularized showing either that the record is one traditionally kept secret or that there is a compelling reason for sealing the document.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "Under the 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.' "  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) *cert. denied,* 131 S. Ct. 900, 178 L. Ed. 2d 747 (U.S. 2011) (quoting *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir.1995)).  Compelling reasons that would outweigh the public's interest in disclosure include the likelihood the record would be used for an improper purpose, such as to gratify private spite, promote public scandal, circulate libelous statements or release trade secrets.  *Nixon*, 435 U.S. at 598.  The possibility of embarrassment, incrimination, or exposure to additional litigation, without more, is insufficient. *Foltz*, 331 F.3d at 1136.

Compelling reasons exist to seal pages 5-8 of plaintiff's Opposition.  Defendant contends the information reproduced in plaintiff's Opposition is considered confidential by the California Department of Corrections and Rehabilitation ("CDCR").  Dckt. No. 46 at 3.  Defendant argues the disclosure of that information implicates privacy, safety and security concerns for

1 correctional officers and inmates, would undermine the officer and the institution's ability to
2 operate effectively, and if inmates had access to that personnel information, they could extort,
3 threaten or coerce correctional officers. *Id.* at 3-6; *see also* L. Young Decl., Dckt. No. 46-2 ¶15.
4 Defendant argues disclosure of these investigative reports would undermine CDCR's ability to
5 assure employees and witnesses their interviews and statements will remain confidential. *Id.* at
6 6; *see also* Dckt. No. 46-2 ¶¶ 9-11. As a result, defendant posits witnesses will be less likely to
7 cooperate in future internal investigations of staff complaints. *Id.* Defendant further contends
8 disclosure of these personnel files in the public record includes other inmate's personal
9 information, which puts raises safety and privacy concerns for those inmates. *Id*; *see also* Dckt.
10 No. 46-2 ¶¶ 12-13.

11  Balancing the need for the public's access to information regarding defendant's
12 personnel records against the defendant's need for confidentiality, CDCR inmates and
13 correctional officers' security and privacy concerns, and the institutional security of CDCR,
14 weighs strongly in favor of sealing. *See Pintos*, 605 F.3d at 678. Further, as defendant points
15 out, court personnel retain access to plaintiff's entire opposition and plaintiff has been given
16 access to the files.

17  Accordingly, IT IS HEREBY ORDERED that defendant's motion to seal be granted.
18 The Clerk is directed to strike plaintiff's opposition to defendant's motion for summary
19 judgment from the docket and file a redacted version with pages 5-8 separately filed under seal.
20  So ordered.
21 Dated: October 26, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3