IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GUY BAKER,

      Plaintiff,                        No. CIV S-07-2204 GEB EFB P

     vs.

HATCH,

      Defendant.                    FINDINGS AND RECOMMENDATIONS

      Plaintiff is a state prisoner proceeding without counsel in a civil rights action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's Eighth Amendment claim that defendant Hatch applied excessive force while escorting plaintiff to an interview on March 27, 2007. Defendant moves for summary judgment, arguing that: (1) plaintiff's claim fails as a matter of law because he admitted he suffered no injury, showing that the use of force was nothing more than *de minimis*; (2) plaintiff's claim regarding any derogatory comments fails as a matter of law because verbal harassment does not equate to a constitutional violation; and (3) defendant is entitled to qualified immunity. For the following reasons, the undersigned recommends that defendant's motion be denied.

////

////

1

## I.      Summary Judgment Standards

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushit*a, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. \\When the opposing party would have the burden of proof on a dispositive issue at trial, the moving

2

party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law, *id.*, which here involves an Eighth Amendment claim that the defendants failed to treat or remove plaintiff's enlarged and/or cancerous prostate. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial

3

on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand,"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* If the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue. *Celotex.*, 477 U.S. at 323. Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

////

4

On August 7, 2008, the undersigned advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**II.     Legal Standard for Excessive Force Claim Pursuant to 42 U.S.C. § 1983**

Under 42 U.S.C. § 1983, plaintiff must show: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). While malicious and sadistic uses of force always violate contemporary standards of decency, not every "malevolent touch" by a prison guard is actionable as an Eighth Amendment violation. *Id.* at 9. "The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks and citations omitted). The following factors are relevant to a determination of whether a use of force violated the Eighth Amendment: (1) the need for the use of force; (2) the relationship between the need for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts made to temper the severity of the forceful response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

////

////

**III.     Defendant's Statement of Undisputed Facts**

With his motion, defendant submits evidence to support the following statements of undisputed facts.[1]  At all times relevant, plaintiff was a California State Prison inmate housed at California State Prison-Sacramento.  Def.'s Mot. for Summ. J. ("Def.'s MSJ"), Stmt. of Undisputed Facts in Supp. Thereof ("SUF") 1.  On March 27, 2007, plaintiff was escorted by defendant Hatch to an interview with other correctional staff.[2]  SUF 3.  Plaintiff alleges that because of their height disparity, defendant raised plaintiff's arms up to the level of his shoulders, while his hands were cuffed behind his back, forcing him to walk on his tip-toes.  SUF 4.  Plaintiff alleges that defendant made derogatory remarks to him.  SUF 5.  Plaintiff also alleges that while they were walking, after he attempted to lower his arms, defendant grabbed him by the neck in an unsuccessful attempt to trip, or "dump," plaintiff on the ground.  SUF 6.

The escort was completed when defendant and his partner escorted plaintiff to the interview room where other correctional staff were awaiting plaintiff's arrival.  SUF 7.  As a result of the neck hold, plaintiff alleges he suffered a bruise on the front part of his neck.  SUF 8.

On March 28, 2007, plaintiff had an interview with a correctional sergeant, Sergeant King, who was processing plaintiff's inmate grievance.  SUF 9.  An audio recording was made of this interview.  SUF 10.  During this interview, plaintiff was asked twice if he sustained injuries, to which plaintiff responded "no."  SUF 11.  During this interview, plaintiff was asked if he felt bruising or sore, to which plaintiff responded "no."  SUF 12.

**IV.     Discussion**

Defendant moves for summary judgment on the grounds that plaintiff's claim fails as a matter of law and that defendant is entitled to qualified immunity.  For the reasons stated below, defendant's motion should be denied.

---

[1] That evidence is cited in the defendants annotated Statement of Undisputed Facts.

[2] Defendant's Statement of Undisputed Fact, number three, misstates the date as "March 27, 2009," as the evidence cited in support thereof references "March 27, 2007."  *See* SUF 3.

6

Defendant contends that plaintiff's "allegations that Hatch made derogatory comments during the escort" fail as a matter of law because verbal harassment itself does not constitute a constitutional violation. Def.'s MSJ, Mem. of P. & A. in Supp. Thereof ("Def.'s P. & A.") at 5-6. However, this action is not proceeding on any claim based on defendant's alleged verbal harassment. *See* Dckt. No. 1 (plaintiff's complaint); Dckt. No. 6 (Order determining that for purposes of 28 U.S.C. § 1915A screening, the complaint states a claim that defendant Hatch used excessive force against plaintiff).

Defendant also contends that plaintiff's excessive force claim fails as a matter of law because plaintiff admitted that he was not injured and that he did not feel sore or bruised, showing that there was no force "repugnant to conscience of mankind" and thus outside the purview of the Eighth Amendment. Def.'s P. & A. at 5; *see Hudson*, 503 U.S. at 9-10. Defendant's argument is focused on whether plaintiff was injured by defendant's alleged use of force, and fails to address the "core judicial inquiry" of whether the alleged force during the escort was necessary under the circumstances. *See Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010) (emphasizing that the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). While the failure of the force applied to produce an injury may be some evidence bearing on the relevant inquiry, the court's focus must be on whether the amount of force applied was reasonable under the circumstances. In *Wilkins*, the Supreme Court observed that the "extent of injury may [ ] provide some indication of the amount of force applied," but cautioned that injury and force "are only imperfectly correlated, and it is the latter that ultimately counts." *Id.* at 1178-79. Here, plaintiff has alleged in his verified complaint that defendant applied force to him maliciously and

////
////
////

7

sadistically rather than as a part of a good faith effort to maintain or restore discipline.[3] *See, e.g.,* Dckt. No. 1 at ¶ 15 ("C/O Hatch stated I'll do what I want! And lifted my arm higher. By this time it was so obvious C/O Hatch was trying to hurt me or antagonize me to act out and give him a reason to hurt me."), ¶ 18 ("He then put his foot out to trip me while simultaneously lifting up but in a forward fashion and squeezing and pushing down on my neck really hard."); ¶ 19 ("C/O Hatch attempted this 4 times . . . ."); ¶ 31 ("There was no need for physical force against plaintiff . . . [Hatch] enjoy[ed] physically abusing plaintiff."); ¶ 35 ("Plaintiff was never ordered/asked to get down . . . he was out of nowhere grabbed by the neck and arm and physically forced downward . . . ."). The sole fact that plaintiff may not have been injured by defendant's alleged use of force is not dispositive of whether that force was excessive. *See Wilkins*, 130 S.Ct. at 1179 ("To conclude . . . that the absence of some arbitrary quantity of injury requires automatic dismissal of an excessive force claim improperly bypasses this core inquiry." (internal quotation omitted)). These sworn factual allegations, if believed at trial, are sufficient to establish an Eighth Amendment violation. Thus, defendant has not met his initial burden of demonstrating the absence of a genuine material factual issue.

Lastly, defendant contends he is entitled to qualified immunity. In analyzing qualified immunity, which is "an entitlement not to stand trial or face the other burdens of litigation," the court employs a two-prong analysis. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009) (courts have discretion to decide which of the two *Saucier* prongs to address first). "An officer will be denied qualified immunity in a § 1983 action only if (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was

---

[3] Plaintiff's verified complaint is sufficient to serve as an opposing affidavit to the extent that it is verified and sets forth admissible facts that are (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir.2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399–1400 (9th Cir.1998); *McElyea v. Babbitt*, 833 F.2d 196, 197–98 (9th Cir.1987); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir.1985).

1  clearly established at the time of the incident such that a reasonable officer would have
2  understood her conduct to be unlawful in that situation." *Torres v. City of Madera*, 648 F.3d
3  1119, 1123 (9th Cir. 2011) (citing *Saucier*, 533 U.S. at 201-02; *Liberal v. Estrada*, 632 F.3d
4  1064, 1076 (9th Cir. 2011)).

5  Qualified immunity is an affirmative defense and the burden of proving the defense lies
6  with the official asserting it. *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir.1992). "Where, as
7  here, the *moving party* bears the burden of proof at trial, it must come forward with evidence
8  which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Id.*
9  (quoting *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991)
10 (emphasis in original) (internal quotations omitted)), *cert. denied*, 502 U.S. 1059 (1992)). Thus,
11 defendant bears the initial burden of establishing, through evidence, the absence of a genuine
12 dispute of fact on each issue material to his affirmative defense.

13 Defendant argues that he is entitled to qualified immunity because there was no violation
14 of plaintiff's constitutional rights. Def.'s P. & A. at 6. In support of this argument, defendant
15 states that at most, only *de minimis* force was used, and to the extent any force was used, it was
16 reasonable and not unnecessary or excessive. *Id.* Defendant cites to a paragraph of his own
17 declaration, which states, "During the escort, I did not use any unnecessary or excessive force on
18 Inmate Baker. My actions were reasonable and comported with prison policies and regulations
19 at all times." Def.'s MSJ, Hatch Decl. ¶ 4. These conclusory statements[4] simply contradict the
20 factual assertions by plaintiff and demonstrate that there is, indeed, a genuine dispute over a
21 material issue of fact. As just discussed, defendant has not shown the absence of a genuine
22 dispute as to whether the force used was *de minimus*, and viewing the alleged facts in the light
23 most favorable to plaintiff, they set forth a violation of plaintiff's Eighth Amendment right to be

---

[4] Defendant does not describe the amount of force he used, if any, explain why he applied that force, or remark upon any circumstances that rendered his force necessary and not excessive. *See Whitley*, 475 U.S. at 321 (discussing factors affecting whether force is excessive).

9

free from excessive force. Defendant's declaration disputing plaintiff's version of what occurred between them does not provide a basis from which the court can conclude that, as a matter of law, any force used was reasonable and did not violate plaintiff's constitutional rights. Thus, defendant has not established the absence of a genuine issue of material fact as to whether plaintiff's constitutional rights were violated, and he is therefore not entitled to summary judgment on his qualified immunity defense. *See Anderson*, 477 U.S. at 252 ("The judge's inquiry . . . unavoidably asks . . . whether there is evidence upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." (emphasis in original) (internal quotations omitted)).

Moreover, in March of 2007, plaintiff's right to be free from the use of excessive force by correctional officers was clearly established. *See Hudson*, 503 U.S. 1; *Whitley*, 475 U.S. 312.

**V.     Conclusion**

For the reasons explained above, it is RECOMMENDED that defendant Hatch's renewed motion for summary judgment (Dckt. Nos. 32, 57), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 23, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE