IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GUY BAKER,

        Plaintiff,                      No. 2:07-cv-02204 GEB EFB P

    vs.

HATCH,

        Defendant.                 <u>ORDER</u>

                                    /

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has requested orders appointing counsel and directing his custodian to: (1) allow him increased time in the law library; (2) allow him "hands on" computer access; (3) allow him more than five cases per library visit; (4) allow him phone access to "call[] intern law students for investigation help"; (5) allow him "to purchase expandable important document files without it counting as his annual package or special purchase"; and (6) to be provided or allowed to purchase post-its to assist his litigation activities.

**I.    Motion for Counsel**

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request counsel voluntarily to represent such a plaintiff. 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood*

1

*v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The court finds that there are no exceptional circumstances in this case.

## II. Motion for Miscellaneous Relief

While plaintiff complains that he needs additional time in the library and is only allowed five cases per library visit, trial in this action has been set for June 4, 2013, more than six months from now. Plaintiff provides no argument why the library time he is currently allotted will not be sufficient to allow him to obtain all the cases he needs and do whatever preparation is necessary for trial within that time frame. Plaintiff additionally provides no compelling argument why the court should compel his custodian to allow him to use the phone (rather than the mail) or to give him special purchasing dispensation. Neither expandable files nor post-its are essential to trial preparation. Furthermore, plaintiff may only seek injunctive relief against individuals who are named as defendants in this action. The instant motion seeks an order against parties who are not defendants in this action. The court is unable to issue an order against individuals who are not parties to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112, 89 S. Ct. 1562, 23 L. Ed. 2d 129 (1969); *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

## III. Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 2, 2012 request for appointment of counsel (Docket No. 94) is denied.

2. Plaintiff's July 9, 2012 motion for miscellaneous relief (Docket No. 86) is denied.

DATED: November 9, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE