IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT GUY BAKER,

        Plaintiff,                  No. 2:07-cv-02204 GEB EFB P

     vs.

HATCH,

        Defendant.         SECOND AMENDED PRETRIAL ORDER[1]

      Robert Guy Baker, plaintiff, is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He presently is confined at California State Prison, Corcoran. Defendant Hatch is represented by Deputy Attorney General Van Kamberian. This action proceeds on plaintiff's claim that defendant violated his Eighth Amendment rights by using excessive force while escorting plaintiff to an interview on March 27, 2007. Dckt. No. 1. Pursuant to court order, the parties have submitted pretrial statements.

////
////
////

---

[1] This second amended pretrial order supersedes the amended pretrial order filed on October 10, 2012.

1

## JURISDICTION/VENUE

This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper pursuant to 28 U.S.C. § 1391 and Local Rule 120(d). There is no dispute over either jurisdiction or venue.

## UNDISPUTED FACTS

1. On the date of the incident giving rise to this action, March 27, 2007, plaintiff was incarcerated at California State Prison, Sacramento ("CSP-Sac").
2. On March 27, 2007, defendant was a correctional officer at CSP-Sac.
3. On March 27, 2007, defendant escorted plaintiff to an interview with other correctional staff.
4. On March 28, 2007, a Sergeant King interviewed plaintiff about allegations he had made regarding the prior day's escort by defendant. The interview was recorded on audio tape.

## DISPUTED FACTUAL ISSUES

1. Did defendant use excessive force in violation of the Eighth Amendment during the escort on March 27, 2007?
2. Did plaintiff suffer any physical harm or other injury because of defendant's alleged excessive force?
3. Is defendant entitled to qualified immunity because reasonable officers under the same circumstances would not have known that they violated plaintiff's constitutional rights?
4. Did defendant act with evil motive or show reckless or callous indifference to plaintiff's federally-protected rights?[2]

---

[2] The undisputed and disputed facts herein are taken largely from defendant's pretrial statement and the court's prior findings on defendant's motion for summary judgment (Docket No. 71). Plaintiff, apparently unsure how to draft his pretrial statement, has primarily listed

2

## EVIDENTIARY ISSUES

Plaintiff states that defendant "has not provided plaintiff the appropriate disciplinary records of defendant's self" and indicates that an evidentiary dispute may arise over: (1) "defendant's disciplinary logs and letters of repriman[d] for excessive force," (2) "the calling of correctional officers," and (3) "the viewing of personnel files." Dckt. No. 76 at 4.

Defendant states:

> Plaintiff lists in his pretrial statement numerous items under his heading "undisputed facts." These items are not undisputed facts and appear, at best, to be potential exhibits. To the extent Plaintiff attempts to use these items as exhibits, Defendant will raise appropriate evidentiary objections to them. Defendant may also address some of these items on motion in limine.
>
> Plaintiff's pretrial statement seems to indicate that Plaintiff will attempt to introduce evidence of Defendant's character and past conduct. In addition to the documentary evidentiary objections to this type of material, Defendant will also object o n the grounds that character evidence is generally not admissible for the purpose of proving action in conformity. Fed. R. Evid. 404(a). Such evidence would also be irrelevant, unfairly prejudicial and confuse the issues. Moreover, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witnesses' character for truthfulness. Fed. R. Evid. 608(b). Defendant proposes to address this issue further in a motion in limine, if necessary.
>
> Further, Defendant objects to any evidence submitted by Plaintiff relating to claims and Defendants that have previously been dismissed from this lawsuit.[3] Defendant objects to any evidence submitted by Plaintiff based upon or containing inadmissible hearsay, or evidence that is irrelevant, immaterial, incomplete or lacking proper foundation. Defendant reserves objections to specific testimony and exhibits until such time as they have the opportunity to hear such testimony, and examine such exhibits.

Dckt. No. 83 at 3.

////

////

---

various documents under "Undisputed Facts." Dckt. No. 76 at 1-2. It is possible plaintiff intends to offer these documents as exhibits, and the court will list them under the appropriate heading, *infra*.

[3] Defendant Hatch has been the only defendant in this action since its inception.

3

To the extent either party anticipates evidentiary issues, such issues shall be addressed by appropriate *in limine* motions filed not later than twenty-one days before trial. Oppositions thereto shall be filed not later than fourteen days before trial. Reply briefs, if any, shall be filed not later than seven days before trial.[4]

## RELIEF SOUGHT

Plaintiff seeks: (1) a declaration that defendant Hatch violated his constitutional rights, (2) an order enjoining defendant Hatch from escorting plaintiff and from "abusing inmates physically and verbally," (3) $200,000 compensatory damages, (4) $91,000 punitive damages, and (5) plaintiff's costs. Dckt. No. 1 at 11.

Defendant seeks costs and attorney fees.

## POINTS OF LAW

The Eighth Amendment of the U.S. Constitution protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). While malicious and sadistic uses of force always violate contemporary standards of decency, not every "malevolent touch" by a prison guard is actionable as an Eighth Amendment violation. *Id.* at 9.

"The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use

---

[4] Plaintiff has filed a motion in limine to exclude plaintiff's criminal convictions, disciplinary violations, prison gang validation, "or any other matters outside the scope of this case." Dckt. No. 77 at 1. Defendant's pretrial statement indicates that defendant intends to impeach plaintiff with his felony conviction pursuant to Federal Rule of Evidence 609. Dckt. No. 83 at 5. The court will rule on this motion along with all other motions in limine after having received any opposition and reply briefs within the time frame set forth above.

4

of force is not of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks and citations omitted). What violates the Eighth Amendment is "the unnecessary and wanton infliction of pain," i.e., infliction of suffering that is "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981).

The following factors are relevant to a determination of whether a use of force violated the Eighth Amendment: (1) the need for the use of force; (2) the relationship between the need for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts made to temper the severity of the forceful response. *Whitley v. Albers*, 475 U.S. 312, 321, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). While the failure of the force applied to produce an injury may be some evidence bearing on the relevant inquiry, the court's focus must be on whether the amount of force applied was reasonable under the circumstances. *See Wilkins v. Gaddy*, __ U.S. __, 130 S.Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010) (emphasizing that the "core judicial inquiry" is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). In *Wilkins*, the Supreme Court observed that the "extent of injury may [ ] provide some indication of the amount of force applied," but cautioned that injury and force "are only imperfectly correlated, and it is the latter that ultimately counts." *Id.* at 1178-79.

Qualified immunity protects government officials from liability for civil damages where a reasonable person would not have known their conduct violated a clearly established right. *Anderson v. Creighton*, 483 U.S. 635, 638-39, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). In determining whether the doctrine of qualified immunity provides a government officer protection, a court must make two inquires: 1) do the facts alleged show that the officer violated a constitutional right; and 2) was the constitutional right well established. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001); *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (courts have discretion to decide which of the two

5

1  *Saucier* prongs to address first). A plaintiff invokes a "clearly established" right when "the
2  contours of the right [are] sufficiently clear that a reasonable official would understand that what
3  he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97
4  L. Ed. 2d 523 (1987).

5        Punitive damages are available in a civil rights action under § 1983 when defendants'
6  conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or
7  callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56,
8  103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983).

9        All parties shall serve and file trial briefs pursuant to Local Rule 285. The parties shall
10 brief the elements, standards, and burdens of proof on plaintiff's claim.

11 ABANDONED ISSUES

12       No claims or defenses have been abandoned by any party.

13 WITNESSES

14       Plaintiff intends to call the following incarcerated witnesses:

15       1.    Punaofo Tsugito Tilei, #H-9690,

16       2.    Stanley D. Robins.

17       Informed of the deficiencies in his prior motion for the attendance of these witnesses by
18 this court's earlier pretrial orders, plaintiff has filed a revised motion. Dckt. No. 93. In the
19 motion, plaintiff states simply that both men are incarcerated in California prisons but "plaintiff
20 has no speedy or adequate remedies available to locate them." *Id.* at 1. Plaintiff has attached a
21 declaration from each anticipated witness.

22       In an order dated April 30, 2012, the court informed plaintiff of the following obligations
23 with regard to incarcerated individuals he wishes to call as trial witnesses:

24       A witness who is willing to testify without the compulsion of a subpoena, but who
      is imprisoned or incarcerated, cannot appear to testify without a court order
25       directing the custodian to produce him at the time of trial. The court will issue
      such an order only upon a showing that the witness has agreed to testify
26       voluntarily and has actual knowledge of relevant facts.

6

1  Therefore, a party intending to introduce testimony from such a witness must file
   *with his pretrial statement* a motion for an order directing the witness's custodian
2  to produce the witness for trial.  The motion must:

3      1. Identify the witness by name, California Department of Corrections
   and Rehabilitation number, and address;
4
       2. Include affidavits showing that the witness intends to testify
5  voluntarily.  This intention can be shown as follows:

6          A. The *party* [plaintiff] can swear by affidavit that the witness has
   communicated to him an intention to testify voluntarily.  The affidavit must
7  include a statement of when and where the prospective witness informed the party
   of this willingness; or
8
           B. The *witness* can swear by affidavit that he is willing to testify
9  without the compulsion of a subpoena.

10      3. Include affidavits showing each witness has actual knowledge of
   relevant facts.  The witness's knowledge can be shown as follows:
11
           A. The *party* [plaintiff] can swear that he knows the witness saw
12 or heard relevant facts.  For example, if something occurred in plaintiff's cell and
   plaintiff saw that a cell-mate was present and observed the incident, then plaintiff
13 may swear to the cell-mate's ability to testify; or

14         B. The *witness* can swear to the relevant facts he observed.

15 Any such affidavit must describe the incident, state when it occurred, where it
   occurred, who was present, and how the witness was in a position to see or hear
16 what occurred.

17                                           ***

18 If a party seeks to present testimony of an imprisoned or incarcerated witness who
   does not intend to testify voluntarily, the party must *with his pretrial statement*
19 file a motion for an order directing that witness to appear.  Such a motion must
   comply with the requirements explained above but the movant must demonstrate
20 that any such witness does not intend to testify voluntarily.

21 Dckt. No. 75 at 2-3.  Plaintiff's instant motion fails to entirely discharge these obligations.  In

22 his declaration, Mr. Tilei describes the events he witnessed and declares that he voluntarily came

23 forward as a witness to author the declaration and, if called to testify, could competently do so.

24 Dckt. No. 93 at 9.  Neither Mr. Tilei nor plaintiff have attested that Mr. Tilei is willing to testify

25 *at trial* without the compulsion of a subpoena, however.  In Mr. Robins's declaration, Mr.

26 Robins simply describes the events he witnessed.  Dckt. No. 93 at 7-8.  Neither Mr. Robins nor

7

plaintiff have attested that Mr. Robins is willing to testify at trial without the compulsion of a subpoena.

In response to plaintiff's assertion that he cannot locate either witness, the court takes judicial notice of the California Department of Corrections and Rehabilitation's online inmate locator, http://inmatelocator.cdcr.ca.gov/default.aspx.  That online location tool (last checked November 8, 2012) reveals that Mr. Tilei is currently housed at Salinas Valley State Prison and Mr. Robins, CDCR # K37556, is currently housed at California State Prison, Los Angeles County.

As plaintiff's affidavits do not comply with the court's requirements, the court must deny his motion for the attendance of his incarcerated witnesses (Docket No. 93).  The court will give plaintiff one more opportunity to discharge these obligations: within 30 days of the date of this order, plaintiff shall file a motion for the attendance of his incarcerated witnesses with affidavits complying with *all* requirements set forth by April 30, 2012 order.

Defendants intend to call the parties and:

1. Correctional Officer A. Karelas, CSP-Sac,
2. Correctional Officer D. Rodriguez, CSP-Sac,
3. Correctional Officer R. Heredia, CSP-Sac,
4. Correctional Officer R. Johnson, CSP-Sac,
5. Correctional Officer E. Gullat, CSP-Sac,
6. Correctional Sergeant C. King, CSP-Sac,
7. Correctional Sergeant C. Gold, CSP-Sac,
8. Medical Technician Assistant A. Aragoza, CSP-Sac,
9. Correctional Lieutenant Padilla, CSP-Sac,
10. J. Bal, M.D., or his designee, Medical Expert, CSP-Sac,
11. Correctional Lieutenant B. Donahoo, or his designee, Correctional Expert on use of force and use of force reviews, CSP-Sac,

8

12. Custodian of audio tape interview of plaintiff on March 28, 2007, CSP-Sac,

13. Custodian of plaintiff's correctional records, Correctional Records Administrator or designee, California Department of Corrections and Rehabilitation,

14. Custodian of plaintiff's medical records, Case Records Administrator or designee, California Department of Corrections and Rehabilitation.

It is the practice of the court that any party may call any witness identified by another party. However, plaintiff should serve a subpoena on any unincarcerated witnesses he wishes to call, as defendant may not call all listed witnesses. Plaintiff will be required to pay witness and mileage fees before any unincarcerated witnesses are required to testify.

No other witness will be permitted to testify.

EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiff has not listed exhibits in his pretrial statement, but has provided a list of documents under the heading "Undisputed Facts." On the assumption that plaintiff seeks to use these documents as exhibits, and without comment as to the admissibility of the documents, the court will list them here:

1. Plaintiff's inmate grievance regarding alleged use of excessive force by defendant on March 27, 2007,

2. Plaintiff's medical report of injury dated March 28, 2007 documenting bruising and discoloration on neck,

3. Declaration of Punaofo Tsugito Tilei,

4. Declaration of Stanley D. Robins,

5. Plaintiff's claim to the Victim Compensation and Government Claim Board, #G568495,

6. "Defendant's claim to the use of force necessary,"

7. "Plaintiff's 3268.1 Title Fifteen facts,"

8. Plaintiff's settlement offers,

9

9. Plaintiff's summary judgment oppositions,
10. Plaintiff's March 5, 2009 deposition,
11. Plaintiff's notes from June 3, 2011 view of disciplinary measures against defendant,
12. Court's August 12, 2010 order and February 1, 2010 order,
13. Defendant's privilege log,
14. Sergeant King's September 1, 2010 privilege declaration,
15. Correctional Officer Karelas September 17, 2010 declaration and letter,
16. D. Kulczyk's June 15, 2009 declaration,
17. "July 21, 2009 settlement response,"
18. "Prison medical report of injury 2007,"
19. Plaintiff's complaint and all exhibits,
20. "Defendant's correctional officers' definition, characteristics, typical tasks, minimum qualifications, knowledge, and abilities, special personal characteristics, physical characteristics, special requirements,"
21. "CDCR D.O.M. Close Custody Movement Inmate Escorts,"
22. May 31, 2006 inquiry findings,
23. September 14, 2007 corrective action against defendant reviewed by the Executive Review of Use of Force Committee,
24. "Discovery by C.D.C.R. of defendant and A. Karelas use of inappropriate force and violation of use of force policy as well lying on staff reports,"
25. September 14, 2006 letter of instruction and notice to defendant,
26. "Case # NII-SAC 3B06L 31306A."

Defendant has identified the following documents and other exhibits he expect to offer at trial:

1. Abstract of Judgment, Case No. FCR185360, FC 47622, FC 47988,

    2.      Audio tape interview of March 28, 2007 (defendant has provided transcripts to plaintiff and court, Docket No. 32-3, and requests equipment capable of playing an audio disc),

    3.      Plaintiff's inmate appeal, no. SAC-07-00900,

    4.      Plaintiff's complaint, not including attachments,

    5.      10 color photographs of the Stand Alone Administrative Segregation Unit,

    6.      "WOTS Daily Recap Report" for March 27, 2007,

    7.      CDC form 7219 dated March 28, 2007 for Robert Baker,

    8.      Diagram of the Stand Alone Administrative Segregation Unit.

All parties shall mail copies of their exhibits, schedules, and summaries and other items they anticipate offering into evidence to all other parties within fourteen days of the day this order becomes final.[5] Objections to a party's items sought to be introduced into evidence shall be filed fourteen days before trial. Each item to which no pretrial objection is made will be forthwith received into evidence.

If defendant objects to any of plaintiff's exhibits which purport to be copies of records from the California Department of Corrections and Rehabilitation on foundational grounds or otherwise dispute the authenticity of those copies, defendant shall subpoena or otherwise produce the custodians of the records for testimony at trial.

Plaintiff will use numbers to mark his schedules, documents, summaries and other items; defendant will use letters.

////

---

[5] Defendant need not provide a copy of the audio tape interview of March 28, 2007, as defendant has provided plaintiff with a copy of the transcript of the interview and provided plaintiff with an opportunity to listen to the recording. *See* Dckt. No. 60.

Similarly, provided that defense counsel makes the facilities photos and diagrams intended for use at trial available to plaintiff for his review prior to trial, defendant need not provide copies of such photos and diagrams to plaintiff.

11

The parties are directed to bring an original[6] and one copy of each exhibit to trial.

DISCOVERY DOCUMENTS

Plaintiff intends to offer:

1. Plaintiff's deposition testimony,
2. Defendant's privilege log.[7]

Defendant intends to offer plaintiff's deposition testimony.

FURTHER DISCOVERY OR MOTIONS

Defendant intends to move in limine to exclude:

1. All medical records or medical opinion testimony introduced by plaintiff, because he is not an expert,
2. All corrective action and disciplinary history of defendant and any other correctional staff.

Defendant also moves to either enforce the protective order of June 3, 2011 or issue a new protective order. In the June 3, 2011 order, the court determined that certain sets of documents should be disclosed to plaintiff under protective conditions: (1) documents relating to the prison's investigation of the incident on which this action is premised and (2) documents relating to the complaints of other inmates against defendant for excessive force. Dckt. No. 52 at 4-6. The court ordered that plaintiff be allowed to review the documents and take notes, but not make copies or disclose any of the information contained in the documents except for purposes of this litigation. *Id.* at 6. The court denied defendant's requests that identifying information in the documents be redacted and that the case be delayed to allow inmates identified therein to object. *Id.* at 5-6. When plaintiff filed an opposition to defendant's motion for summary

---

[6] If no party objects to the authenticity of exhibits, the parties may use certified copies at trial rather than originals.

[7] Defendant objects that plaintiff's own deposition and defendant's privilege log are not admissible by plaintiff. Defendant may file an appropriate motion in limine to address these issues.

12

1  judgment that contained information from those documents, the court ordered that those portions
2  of the opposition be sealed. Dckt. No. 67. Defendant would like any information covered by the
3  June 3, 2001 order used at trial to be similarly sealed and protected from public view. Dckt. No.
4  84. Plaintiff has not filed any opposition to defendant's motion. The court notes that the
5  protective order remains in place but is subject to modification by the District Judge and
6  accordingly will deny defendant's motion (Docket No. 84) with out prejudice.

   Defendant is willing to discuss a further protective order governing plaintiff's medical records and testimony concerning them.

   Plaintiff does not indicate any further discovery.

   Plaintiff has filed a motion in limine to exclude evidence of his convictions, disciplinary violations, and prison gang validation. Dckt No. 77. In the interest of ease of case administration, the court will deny the motion at this time without prejudice to its renewal at a date closer to, but not less than twenty-one days prior to, trial.

STIPULATIONS

   Defendant will stipulate to using declarations from the custodian of records for authentication purposes.

AMENDMENTS/DISMISSALS

   None.

SETTLEMENT NEGOTIATIONS

   Settlement negotiations were unsuccessful.

AGREED STATEMENTS

   There is no agreed statement at this time.

SEPARATE TRIAL OF ISSUES

   The trial will be conducted in two phases: liability and punitive damages. If the jury finds punitive damages are recoverable in the liability phase, trial on the amount of punitive damages will immediately occur. During the first phase of the trial, the jury will be given a

liability instruction on punitive damages along with the other closing instructions and a verdict form which will include the liability question on punitive damages. If the answer is yes, then evidence pertinent to the amount of punitive damages would be presented in the second phase of the trial, following which the parties would present closing argument on that issue and a jury instruction would be given. The jury would then deliberate on the issue and fill in a punitive damages verdict form.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Defendant states that appointment of an impartial expert is not necessary or advisable.

ATTORNEYS' FEES

Defendant seeks attorney fees and costs.

JURY TRIAL

All parties have timely requested trial by jury.

A trial confirmation hearing is set for April 19, 2013 at 1:30 p.m. before the assigned district judge in Courtroom No. 10. A writ of habeas corpus ad testificandum will issue approximately six weeks prior to provide for plaintiff's presence at the hearing.

Jury trial is scheduled to begin on June 4, 2013, at 9 a.m., in Courtroom No. 10, 13th Floor. Defendant anticipates a one-to-two day trial.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

Proposed jury voir dire and proposed jury instructions in accordance with Local Rules 162.1(a) and 163(a) shall be lodged with the clerk and copies served on opposing parties fourteen (14) days before trial.

MISCELLANEOUS

All parties shall take whatever steps within their power necessary to facilitate execution of a writ of habeas corpus ad testificandum to be issued to compel plaintiff's attendance at trial.

////

////

SUMMARY OF MOTIONS TERMINATED BY THIS ORDER

As provided above, this order terminates plaintiff's May 18, 2012 motion in limine (Docket No. 77), defendant's June 15, 2012 motion to seal (Docket No. 84), and plaintiff's November 2, 2012 motion to obtain the attendance of witnesses (Docket No. 93).

MODIFICATION OF PRETRIAL ORDER

This order is subject to modification by the trial judge.

Each party is granted fourteen (14) days to object to this Pretrial Order. Any objections shall set forth the basis of the objections and any changes to be made. Each party is also granted seven (7) days thereafter to respond to the other party's objections. If no objections are made, the Pretrial Order will become final without further order of the court.

Pursuant to Federal Rule of Civil Procedure 16, the final pretrial order shall control the subsequent course of this action and will not be modified except according to its terms or to prevent manifest injustice.

So ordered.

DATED: November 9, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE